IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.    No. CR 14-0682 JB

JAMES CHARLES MOLLOHAN,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to a Proposed Condition of Supervised Release, filed August 14, 2014 (Doc. 32)("Objection").  The primary issue is whether the Court should sustain Defendant James Charles Mollohan's objection to a proposed special sex-offender condition for supervised release in the Presentence Investigation Report ("PSR")(disclosed June 5, 2014), when Mollohan is being sentenced for Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and Possession of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 942(c)(1)(A)(i).  The Court sustains Mollohan's objection to the PSR's proposed condition of supervised release found in the last paragraph on page three of "Attachment A" to the PSR.

The last paragraph on page three of "Attachment A" to the PSR states the following proposed condition of supervised release:

> Immediately upon the Defendant's commencement of supervision, or as soon as possible thereafter, the Defendant shall undergo a risk assessment and/or psychosexual evaluation and begin participating in sex offender treatment, consistent with the recommendations of the assessment and/or evaluation. Furthermore, the Defendant shall submit to clinical polygraph testing and other specific sex offender testing, as directed by the probation officer.

Attachment A to the PSR at 3.  Mollohan objects to this condition on the grounds that it is too

remote and not reasonably related to the present offenses for which he is being sentenced: Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and Possession of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 942(c)(1)(A)(i).  See Objection at 1-2.  The United States Probation Office responds that this condition is necessary, because Mollohan was previously convicted of a sex offense in 1998, and the United States Probation Office has been unable to determine if Mollohan ever received a psychosexual evaluation or sex offender treatment.  See Addendum to the Presentence Investigation Report at 1-2 (disclosed August 20, 2014).

The Court finds that the proposed condition is not reasonably related to the offense's nature and circumstances or Mollohan's history and characteristics, and accordingly sustains Mollohan's objection.  A sentencing court has broad discretion under 18 U.S.C. § 3553 to set the conditions of supervised release.  This discretion has limits, however.  In United States v. Edgin, 92 F.3d 1044 (10th Cir. 1996), the United States Court of Appeals for the Tenth Circuit explained that "a condition of supervised release must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the Defendant."  92 F.3d at 1048 (citations omitted)(internal quotation marks omitted).

In United States v. Dougan, 684 F.3d 1030 (10th Cir. 2012)("Dougan"), the Tenth Circuit found that it was an abuse of discretion for a district court to order a psychosexual evaluation, a polygraph, and sex offender treatment as a condition of supervised release for a defendant who was being sentenced for robbing a post office.  See 684 F.3d at 1031.  The PSR in Dougan recommended sex offender treatment, because the defendant had two prior convictions for sex offenses -- the most recent of which occurred seventeen years before the offense for which the defendant was being sentenced.  See 684 F.3d at 1031.  The Tenth Circuit reasoned

that,

> while we recognize that it is permissible to impose special sex-offender-related conditions of supervised release even where the crime of conviction is not a sex crime . . . in such cases we would require a stronger nexus than we have here between the Defendant's history and characteristics and the sex-offender-related conditions before we could conclude that the latter were "reasonably related" to the former, as required by 18 U.S.C. § 3583(d)(1).

684 F.3d at 1036 (citations omitted).

In line with the Tenth Circuit's holding in Dougan, the United States Courts of Appeals for the First, Sixth, Eighth, and Ninth Circuits have similarly found that it is an abuse of discretion for a district court to impose special sex-offender conditions of release based on an offense that is more than ten years old. In United States v. Scott, 270 F.3d 632 (1st Cir. 2001), the First Circuit vacated the district court's imposition of special sex-offender conditions for a fifteen-year-old sexual offense. See 270 F.3d at 635-66. In United States v. Carter, 463 F.3d 526, 530-32 (6th Cir. 2006), the Sixth Circuit determined that a district court abused its discretion by imposing sex offender treatment, based on two seventeen-year-old sex offenses, on a defendant convicted of firearm possession. See 463 F.3d at 530-32. In United States v. Scott, 270 F.3d 632 (8th Cir. 2001), the Eighth Circuit vacated a judgment containing special sex-offender conditions that the district court imposed as a result of a fifteen-year-old rape conviction. See 270 F.3d at 636. In United States v. T.M., 330 F.3d 1235 (9th Cir. 2003), the Ninth Circuit vacated a defendant's special sex-offender conditions that the district court imposed based on a twenty-year-old sex offense. See 330 F.3d at 1239-42.

The Court was able to find only one case in which a United States Court of Appeals upheld a district court's imposition of special sex-offender conditions for supervised release based on a sex offense that was more than ten years old. In United States v. Morales-Cruz, 712

F.3d 71 (1st Cir. 2013), the First Circuit upheld the imposition of special sex-offender conditions of supervised release for a battery conviction based on a sixteen-year-old sexual assault conviction and the defendant's multiple convictions for failing to register as a sex offender in three different jurisdictions. See 712 F.3d at 75. The First Circuit explained that the special conditions were warranted, because the defendant's repeated failures to register as a sex offender "certainly permit a rational inference that [the defendant] presented a recidivism risk and warranted deterrent punishment." 712 F.3d at 75.

The First Circuit's holding in United States v. Morales-Cruz is distinguishable from this case in two ways. First, unlike the defendant in United States v. Morales-Cruz, who had multiple convictions for failing to register as a sex offender in three different jurisdictions, Mollohan has not been convicted for failing to register as a sex offender. Second, unlike the defendant in United States v. Morales-Cruz, who was convicted of battery for assaulting an adult female victim -- an offense that is arguably similar to sexual assault -- the offense for which Mollohan is being sentenced is Armed Bank Robbery, and Possession of a Firearm During and in Relation to a Crime of Violence. The Court accordingly finds that the First Circuit's holding in United States v. Morales-Cruz is not determinative of the Court's holding in this case.

The Court concludes that Mollohan's case is more closely analogous to Dougan. Like the defendant in Dougan, who was sentenced for robbing a post office and received special sex-offender conditions of released based on a seventeen-year-old offense, Mollohan is being sentenced for armed robbery and his proposed special sex-offender conditions of release are based on a seventeen-year-old conviction for a sex offense. Given that the majority of United States Courts of Appeals have found abuse of discretion in cases where the district court orders special sex-offender conditions of release based on sex offenses that are more than ten years old,

and the similarities between Mollohan's case and <u>Dougan</u>, the Court finds that the Tenth Circuit's ruling in <u>Dougan</u> is controlling and sustains Mollohan's objection to proposed sex-offender conditions found in the last paragraph of the third page of "Attachment A" to the PSR.

**IT IS ORDERED** that the Defendant's Objection to a Proposed Condition of Supervised Release, filed August 14, 2014 (Doc. 32), is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
Charles Barth
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

	*Attorneys for the Plaintiff*

James C. Loonam
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

	*Attorneys for the Defendant*